*746 OPINION OF THE COURT
NYGAARD, Circuit Judge.
Appellant Michael Stradford appeals his sentence of one hundred and eighty eight months imprisonment, which he received for various drug-related offenses. On appeal, Stradford raises numerous arguments challenging the District Court’s sentence. We will affirm.
Appellant was charged in a one-count Information with violations of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 — distribution and possession with intent to distribute more than five grams of crack cocaine. Stradford pleaded guilty to the charge. On appeal, Stradford argues, first, that the District Court erred when it did not depart downward under United States Sentencing Guidelines § 4A1.3 because his career offender status overstated his criminal history and under United States Sentencing Guidelines § 5k2.0 because the District Court failed to consider mitigation evidence. Stradford did not move for a departure on these grounds before the District Court, however. If Stradford had moved for the departure and the District Court had exercised its discretion and denied the motion, we would lack jurisdiction to review that decision. See United States v. Minutoli, 374 F.3d 236, 240 (3d Cir.2004). But, unfortunately for Stradford, he did not ask the District Court for a departure. It would be a far stretch to say that the District Court erred for failure to do something it was not requested to do. We simply lack jurisdiction to review the District Court’s failure to downward depart sua sponte. Jurisdiction only arises if the District Court’s refusal to depart downward is premised on the mistaken belief that it lacks discretion to do so.
Stradford next argues that his sentence was unreasonable because he was a victim of sentencing entrapment, and it would therefore be unfair to impose the crack cocaine sentencing guidelines. This argument is baseless, however, because Stradford’s status as a career offender was the basis for his sentencing calculation.
Stradford also maintains that his sentencing range was substantively unreasonable. A fair reading of the record demonstrates that, in formulating and imposing sentence, the District Court did not abuse its discretion in any respect. The District Court evaluated each of the relevant 18 U.S.C. § 3553(a) factors and imposed sentence at the bottom of the Guidelines range. We therefore reject Stradford’s challenge to that sentence. See Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). We also reject Stradford’s argument that the District Court failed to consider the conditions of his pre-trial confinement when passing sentence. Here, the District Court acted well within its discretion and imposed a sentence at the lowest end of the Guideline’s range. The record conclusively establishes that the District Court struck a reasonable balance between the mitigating factors, Stradford’s extensive criminal history, and the need for deterrence. Accordingly, we will affirm Stradford’s sentence.